# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH CHARRON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV627 CEJ |
| | ) | |
| ELIZABETH CONLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's and defendants' motions for summary judgment. Plaintiff, a Missouri state prisoner, brings this action under Title 42 U.S.C. § 1983, asserting an Eighth Amendment claim of deliberate indifference to his serious medical needs. Plaintiff moves for summary judgment on the ground that "the evidence is uncontested" that defendants failed to treat his serious medical needs. Defendants move for summary judgment arguing that some of plaintiff's claims are barred by the statute of limitations and that plaintiff has not introduced sufficient evidence to support his claims for relief. The Court will deny plaintiff's motion for summary judgment because defendants have brought forth evidence showing that they treated or attempted to treat plaintiff's illnesses. The Court will grant in part and deny in part defendants' motion for summary judgment. Defendants are correct that some of plaintiff's claims are barred by the statute of limitations. However, after reviewing the evidence

introduced by the parties, the Court finds that plaintiff has presented a triable case as to two of the named defendants.

## I.    STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant a motion for summary judgment if all of the information before the court shows that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

"A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." Roberson v. Hayti Police Dept., 241 F.3d 992, 994 -995 (8th Cir. 2001) (citations omitted). "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." Id. at 995.

## II. BACKGROUND

With respect to the pending motions, the evidence before the Court includes plaintiff's verified complaint and plaintiff's medical record, the latter being supplied by defendants. Defendants filed a statement of material facts with citations to plaintiff's medical record. Plaintiff has failed to properly respond to defendants' statement of material facts, so each of the listed facts are deemed admitted. E.D. Mo. L.R. 4.01(E). However, where defendants' facts are contradicted by admissible statements in the verified complaint, summary judgment will be denied.

The defendants are Dr. Elizabeth Conley, the statewide medical director for Correctional Medical Services (CMS), and Dr. Manuel Largaespada, Dr. Charles Chastain), and Dr. Marcos Nalagan, all of whom are or were employed by CMS.

In his complaint, plaintiff states that he suffers from several chronic illnesses, including internal and external bleeding hemorrhoids, esophageal bleeding, gastric ulcers, gastric reflux, arthritis, and diverticulitis with colon and rectal polyps. From 1997 to 2001, plaintiff was incarcerated at the Missouri Eastern Correctional Center (MECC). Plaintiff alleges that defendant Largaespada and other treating physicians at MECC requested that he be sent out for an endoscopic examination. According to plaintiff, these requests were denied by Conley until January 14, 2002, when he finally underwent endoscopy. The complaint contains no further statements regarding Largaespada.

Plaintiff was transferred to the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in June 2003. Chastain first saw plaintiff on July 29, 2003. After his first visit with plaintiff, Chastain diagnosed plaintiff as suffering from Schatzki's ring (an esophageal disorder), hiatal hernia, and severe peptic ulcer disease. In August 2003, plaintiff was seen and treated by medical staff at ERDCC for hemorrhoids, which he had suffered from for ten years.

On January 31, 2005, an outside surgeon performed a hemorrhoidectomy on plaintiff. Following surgery, plaintiff was admitted to the Transitional Care Unit (TCU) at ERDCC. Plaintiff was discharged from the TCU on February 9, 2005. Plaintiff says

that after he left the TCU Chastain allowed him to suffer excessive pain. Defendants assert that plaintiff's pain was treated as necessary.

Plaintiff claims that on November 18, 2005, he suffered from uncontrollable pain and bleeding and that defendant Nalagan refused to treat or see him.

Plaintiff alleges that he suffered from pain as a result of his stomach ulcer, regurgitating blood, and rectal bleeding throughout 2006. Plaintiff claims that on July 11, 2006, Nalagan refused to give him a proper diet and threatened to have plaintiff "locked up" if plaintiff did not leave the medical station. Plaintiff further claims that on July 14, 2006, Nalagan again refused to give him a proper diet.

Plaintiff alleges that on August 23, 2006, Nalagan refused to treat plaintiff for vomiting blood because "there was nothing in the computer about [plaintiff] having any throat problems.

Plaintiff states that on September 11, 2006, he attempted to see Nalagan because he was vomiting blood, had stomach pain, and was having difficulty swallowing, but Nalagan refused to see him.

Plaintiff claims that during December 2006 Nalagan refused to send plaintiff out for colonoscopy, which plaintiff needed because of rectal bleeding.

On January 31, 2007, an outside physician, Dr. Doerhoff, performed a physical examination and colonoscopy on plaintiff. Dr. Doerhoff gave plaintiff a postoperative

diagnosis of diverticulosis and hyperplastic rectal polyps. Plaintiff saw Nalagan on February 16, 2007. Plaintiff claims that Nalagan told him that nothing was found during the colonoscopy and that Nalagan would not treat plaintiff's rectal bleeding. Plaintiff says that when he asked Nalagan about the diverticulosis and polyp diagnosis Nalagan had him removed from the medical station.

On April 17, 2007, plaintiff was transferred from ERDCC to Southeast Correctional Center. Plaintiff has not had any contact with Nalagan or Chastain since the transfer.

### III. DISCUSSION

#### A. Plaintiff's Motion for Summary Judgment

Plaintiff argues that summary judgment should be granted in his favor because the evidence is undisputed that defendants did not treat his medical ailments. Plaintiff's argument, however, is contradicted by the several hundreds of pages of medical records documenting the medical treatment plaintiff received from defendants. Because a genuine dispute as to material facts exists, plaintiff's motion for summary judgment will be denied.

#### B. Defendants' Motion for Summary Judgment

1. <u>Defendant Largaespada</u>

Defendants argue that summary judgment should be granted in favor of defendant Largaespada because all of plaintiff's allegations against Largaespada are barred by Missouri's five-year statute of limitations. Defendants also argue that plaintiff's allegations against Largaespada fail to state a claim upon which relief can be granted. Plaintiff argues that his allegations against Largaespada are not barred by the statute of limitations because he previously brought an action against Largaespada that was dismissed as a "non-suit" and, therefore, the statute of limitations was tolled for a period of time pursuant to Missouri Revised Statutes § 516.230.

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Missouri Revised Statutes § 516.230 gives relief from the statute of limitations where a plaintiff who had brought an action under Missouri Revised Statutes § 516.010 or § 516.370 suffered a non-suit. Missouri Revised Statutes § 516.230, however, does not apply to suits brought under 42 U.S.C. § 1983. Consequently, in this case, plaintiff cannot invoke the tolling provision of the Missouri statute.

Plaintiff filed this case on April 2, 2007. Applying Missouri's five-year statute of limitations, all of the allegations in the complaint that occurred before April 2, 2002, are time-barred. Each of the allegations concerning Largaespada occurred before April

2, 2002. As a result, plaintiff's claims against Largaespada are barred by the statute of limitations.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Plaintiff's only allegation against Largaespada is that Largaespada wanted to send plaintiff out for an endoscopy but that Conley would not authorize the procedure until after January 14, 2002. This allegation fails to state a claim upon which relief can be granted because plaintiff has not alleged that Largaespada ignored plaintiff's serious medical needs. As a result, plaintiff's claims against Largaespada should also be dismissed for failure to state a claim upon which relief can be granted.

    2.    Defendant Conley

Many of plaintiff's allegations against Conley are for alleged actions that occurred before April 2, 2002. As discussed above, each of these claims are time-barred.

Defendants argue that summary judgment should be granted because defendant Conley had no personal contact with plaintiff and because no evidence exists to support a finding that Conley, in a supervisory role, maintained a policy, practice, or custom to deny plaintiff the medical care that he needed.

Plaintiff asserts in his complaint that Chastain and Nalagan told him on several occasions that they could not give him adequate medications because Conley had a policy of denying medication requests to save money for CMS. Although plaintiff makes these assertions in a verified complaint, they do not constitute admissible evidence. These alleged statements made by Chastain and Nalagan constitute inadmissible hearsay. Plaintiff has not provided the Court with any admissible evidence supporting his claim that Conley maintained a policy that led to the denial of plaintiff's essential medical care. As a result, summary judgment should be granted in defendants' favor as to plaintiff's claims against Conley.

### 3. Defendants Chastain and Nalagan

Defendants argue that summary judgment should be granted in favor of defendants Chastain and Nalagan because plaintiff has offered nothing more than his assertions that these defendants denied him care.

As stated above, a plaintiff need not reassert each of the facts set forth in a verified complaint in order to survive a motion for summary judgment. Roberson, 241 F.3d at 995. Plaintiff's verified complaint contains several allegations, which are set forth above, that he was suffering from pain or bleeding and that Chastain and Nalagan both knew of his condition and chose to disregard it. The plaintiff's medical record supplied by the defendants does not specifically contradict each of plaintiff's allegations. Additionally, to determine whether defendants were deliberately indifferent to plaintiff's serious medical needs requires the fact-finder to decide whether defendants acted with a certain state of mind. There is no evidence before the Court that speaks to Chastain's or Nalagan's state of mind. As a result, defendants have failed to show that no factual dispute exists as to whether Chastain or Nalagan were deliberately indifferent to plaintiff's serious medical needs, and the Court will deny defendant's motion for summary judgment as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#42] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **granted** as to defendants Manuel Largaespada and Elizabeth Conley and is **denied**

as to defendants Charles Chastain and Marcos Nalagan. At the conclusion of the case, judgment will be entered in favor of defendants Largaespada and Conley.

Dated this 6th day of August, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE