UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH G. CHARRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:07-CV-00627-CEJ |
| | ) |
| ELIZABETH CONLEY, M.D., | ) |
| MANUAL D. LARGAESPADA, M.D., | ) |
| CHARLES CHASTAIN, M.D. AND | ) |
| MARCOS NALAGAN, M.D., | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANTS' TRIAL BRIEF*

COME NOW Defendants, Dr. Charles Chastain and Dr. Marcos Nalagan, and for their Trial Brief, state as follows:

Plaintiff is a Missouri Department of Corrections inmate. He originally filed this action on April 2, 2007, pursuant to 42 U.S.C. § 1983, asserting Eighth Amendment claims of the alleged deliberate indifference to his serious medical needs. In his Complaint, Plaintiff alleged that he suffers from several chronic conditions, including internal and external bleeding hemorrhoids, a bleeding esophagus, stomach ulcers, acid reflux, dizzy spells and diverticulitis with colon and rectal polyps. Plaintiff alleged that the original four-named Defendants failed or refused to treat his chronic and pre-existing medical problems and that these failures were deliberate and resulted in his damage.

On February 11, 2008, Defendants Dr. Chastain, Dr. Nalagan, Dr. Conley and Dr. Largespada moved for summary judgment in their favor. In their Motion, Defendants set forth the undisputed factual and legal issues concerning their right to be dismissed from Plaintiff's

suit. (Doc. Nos. 54-57). Plaintiff failed to respond to Defendants' Statement of Uncontroverted Facts, and each fact was therefore deemed admitted. (Doc. No 66, p. 3).

On August 6, 2008, this Court entered its Order granting, in part, and denying, in part, Defendants' Motion for Summary Judgment. (Doc. No. 66). The Court concluded that Plaintiff's claims against Dr. Conley and Dr. Largespada were time-barred by the applicable five (5) year statute of limitations and granted summary judgment in their favor. With respect to Dr. Chastain and Dr. Nalagan, the Court concluded that a factual dispute existed as the Defendants' "state of mind" and specific events occurring in 2005 and 2006. The Court stated that Plaintiff's verified Complaint contained allegations that Dr. Chastain and Dr. Nalagan were aware that Plaintiff was allegedly suffering from "pain or bleeding" and deliberately chose to disregard it. (Doc. No 66, p. 10).

On September 1, 2009, Defendants' filed a Second Motion for Summary Judgment specifically addressing the Court's findings in its August 6, 2008 Order and the remaining questions of fact as to Dr. Chastain and Dr. Nalagan's state of mind and the alleged events in 2005 and 2006. (Doc. Nos. 81-84). The Court treated the Second Motion for Summary Judgment as a Motion to Reconsider the original Summary Judgment and denied the Motion. (Doc. No. 95).

The following will address Plaintiff's factual allegations that remain at issue: Plaintiff contends that following his January 31, 2005 corrective hemorrhoid surgery, and after his discharge from the prison infirmary (known as the Transitional Care Unit, a/k/a T.C.U.), Dr. Chastain allowed Plaintiff to "suffer excessive pain." The undisputed medical evidence and testimony demonstrates that Dr. Chastain monitored Plaintiff's post-surgical recovery from February 2, 2005 to February 9, 2005 in the TCU. The medical evidence also demonstrates that

on February 7, 2009, Plaintiff reported to Dr. Chastain that his rectal bleeding had stopped. Dr. Chastain noted no significant blood in Plaintiff's stool, Plaintiff was ambulatory, his blood work was normal, and Plaintiff was discharged from the TCU in a stable condition after a successful hemorrhoid surgery and surgical recovery.

The undisputed evidence also demonstrates that Dr Chastain's treatment of and his doctor-patient relationship with Plaintiff ended after Plaintiff's discharge from the TCU on February 9, 2005, and that Plaintiff's care was assumed by other prison physicians after that point. Dr. Chastain's deposition testimony and medical findings demonstrate that his state of mind at the time was to correctly address Plaintiff's medical needs and assess Plaintiff's post-surgical recovery, which successfully corrected Plaintiff's prolapsed hemorrhoids.

In denying Dr. Nalagan's Motion for Summary Judgment, the Court concluded that at various dates in 2006 the Plaintiff alleged that Dr. Nalagan failed or refused to address Plaintiff's ongoing medical complaints. Specifically, Plaintiff avers that on November 18, 2005, he complained of uncontrolled pain and bleeding. Defendants note that the medical records reveal on October 12, 2005, Dr. Nalagan performed a rectal exam, noted an internal hemorrhoid and small amount of blood, for which he prescribed hemorrhoid suppositories. The November 18 medical complaint by Plaintiff was made in a Medical Services Request (MSR) form and was triaged by a nurse. By Plaintiff's own admission, there is no evidence showing that Dr. Nalagan was ever aware of the November 18 complaint. Plaintiff was scheduled to see Dr. Nalagan for a physical examination on November 20; however, the Plaintiff failed to appear for this scheduled appointment.

Plaintiff also alleges that on July 11, 2006 Dr. Nalagan failed to give Plaintiff a necessary proper diet and threatened to have him "locked-up." The undisputed medical records show that

3

five (5) days earlier, on July 6, 2006, Dr. Nalagan did order a renal diet for the Plaintiff that was never discontinued during Plaintiff's confinement at ERDCC. The records also show that Plaintiff was disciplined for improperly giving his special diet foods to other inmates.

Plaintiff next alleges that on August 23, 2006, Dr. Nalagan refused to treat his complaint that he was vomiting blood. The undisputed medical records show on August 23 Dr. Nalagan saw and examined the Plaintiff for his complaint, and referred Plaintiff for a colonoscopy.

Plaintiff further alleges on September 11, 2006, Dr. Nalagan refused to see him for complaints that Plaintiff was vomiting blood, had stomach pain and difficulty swallowing. The medical records show that Plaintiff filed 3 identical and duplicate MSRs on June 29, September 11 and December 7 for complaints of "regurgitating blood." Plaintiff failed to go to the infirmary on June 29 or December 7, but on September 11 the Plaintiff requested his medication renewed and his throat dilated. At that time, he claimed to have had a small amount of bleeding when he brushed his teeth or coughed. He was assessed by a nurse, who noted no blood. Dr. Hernandez (non-party) also referred Plaintiff for a colonoscopy based upon these same complaints.

The Plaintiff next alleges that in December 2006 Dr. Nalagan refused to send him for a colonoscopy. The medical records belie this allegation. Dr. Nalagan made a request for the colonoscopy in August 2006. Notwithstanding, a colonoscopy was then performed in January 2007; this procedure found no hemorrhoids, no fissures, no evidence of bowel disease, a normal prostate, and "no evidence as to what was causing [Plaintiff's'] complaints." The colonoscopy confirmed Plaintiff's long standing prior prison diagnosis of polyps and diverticulitis, for which he was already receiving appropriate prescription medication. Moreover, polyps and

diverticulitis are chronic, non-life threatening conditions that are common in individuals over 40 years of age and often require no medical care whatsoever.

Finally, Plaintiff alleges that on February 16, 2007 Dr. Nalagan purportedly told him "nothing was found" during the colonoscopy and he refused to treat Plaintiff's rectal bleeding. Plaintiff's allegation that Dr. Nalagan did not report the colonoscopy findings to him is both unsupported by the record and does not amount to any constitutional violation. Further, there is no evidence to demonstrate that Plaintiff complained of rectal bleeding in February 2006, or that this medical condition was not assessed.

Defendants continue to assert and rely upon the evidence, arguments, legal issues and the undisputed material facts presented in their Motion for Summary Judgment and Second Motion for Summary Judgment. (Doc. Nos. 54-57, 82-84). Dr. Chastain and Dr. Nalagan deny that Plaintiff's medical care was unconstitutional, sub-standard or fell below the minimum acceptable medical standards. The Plaintiff has offered insufficient evidence and facts to raise a question of material fact for the jury's consideration. To the extent Plaintiff contends he was harmed because his care was delayed, he offers no expert medical testimony in support of this position. The Defendants made timely and proper responses in treating his sophisticated medical condition. The Plaintiff has offered no expert medical testimony that the Defendants' care was inappropriate or caused any detrimental effects to the Plaintiff. See Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1210 (8th Cir. 2000) (Plaintiff's failure to produce expert testimony of causation is fatal to a deliberate indifference claim as a matter of law).

The uncontroverted facts conclusively demonstrate that Plaintiff's pre-existing and chronic hemorrhoids and stomach issues were appropriately treated during his confinement at ERDCC from June 2003 to April 2007 with regular treatment, routine rectal examinations, stool

testing, medication, suppositories, and specialized care as was necessary and appropriate, including an abdominal ultrasound, hemorrhoid surgery, an endoscope and a colonoscopy. Plaintiff's course of treatment for his chronic and commonly occurring problems was well within the appropriate standards of medical care, and further, Plaintiff suffered no damage or impairment as a result of either his medical condition or the treatment provided to him.

Defendants also continue to rely upon their affirmative defenses set forth in their Joint Answer to Plaintiff's Complaint. Defendants do not otherwise anticipate any complex matters of law to arise in the trial of this case.

/s/ Jessica L. Liss
Peter J. Dunne   #31482
Federal Registration No. 3025
Jessica L. Liss   #51331
Federal Registration No. 93685
RABBITT, PITZER & SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545 (Phone)
(314) 421-3144 (Fax)
dunne@rabbittlaw.com (Email)
liss@rabbittlaw.com (Email)

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 20th day of July, 2010 to be served by operation of the Court's electronic filing system to: **Mr. Brett A. Williams,** Attorney for Plaintiff, 801 W. 47th Street, Suite 107, Kansas City, Missouri 64112-1253.

/s/ Jessica L. Liss

00324455.DOC;1